UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Cheryl Barnette, et al.

    v.                              Civil No. 09-cv-264-PB

Stephanie and Gary Pickering

**REPORT AND RECOMMENDATION**

Before the Court is plaintiff's[1] complaint (document no. 1) alleging violations of the Fair Housing Act, 42 U.S.C. § 3601, et seq. ("FHA") and the Fair Housing Amendments Act, 42 U.S.C. § 3604(f) ("FHAA"). Because plaintiff is pro se and filed this complaint in forma pauperis, the matter is before me for preliminary review to determine whether or not the complaint states any claim upon which relief might be granted. See 28

---

[1] Barnette has filed this action on behalf of herself and two other individuals, presumably her children. Parties to a federal lawsuit cannot be represented by anyone other than themselves or a member of the bar. See 28 U.S.C. § 1654; see also Local Rules of the United States District Court for the District of New Hampshire ("LR") 83.2(d) ("Persons who are not members of the bar . . . will be allowed to appear before this court only on their own behalf.") and LR 83.6(b) ("Pro se parties must appear personally . . . . A pro se party may not authorize another person who is not a member of the bar of this court to appear on his or her behalf"). Therefore, I will construe this complaint to be filed by Barnette as the only plaintiff to this action.

U.S.C. § 1915A; United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1).

## Standard of Review

Under this Court's local rules, when a person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review. LR 4.3(d)(1). In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted).  Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

## Background

Cheryl Barnette and her family lived in an apartment owned by Stephanie and Gary Pickering until they were evicted on August 15, 2007.  Barnette complains that defendants breached an oral

promise to her that they would not evict her from the apartment. Barnette states that they evicted her at the behest of her next door neighbor, a hypnotherapist. The neighbor sought to have Barnette evicted due to frequent domestic violence episodes occurring in Barnette's home. Barnette also asserts that the Pickerings wanted to evict Barnette so that they could place another tenant, who was handicapped, into Barnette's first floor apartment.

Discussion

I.   Fair Housing Act

The FHA is intended "to provide within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. The FHA forbids discrimination against any tenant on the basis of race, color, religion, sex, familial status, or national origin. 42 U.S.C. § 3604(b). The FHAA further makes it unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of . . . a person residing in or intending to reside in that dwelling after it is sold, rented, or made available . . .." 42 U.S.C. § 3604(f)(1)(B). Discrimination, for purposes of these provisions of the FHAA,

includes actions or omissions that are detrimental to the handicapped person either renting or intending to rent a premises.  See 42 U.S.C. § 3604(f)(3).

Barnette alleges generally that she was improperly evicted and that her rights under the FHA and FHAA have thereby been violated.  Barnette alleges no facts, however, indicating that she has been subjected to any of the particular forms of discrimination prohibited by the FHA and FHAA.  Barnette has not alleged that she was discriminated against based on the race, gender, color, national origin, religion, or familial status[2] of herself or any member of her household.  To the extent Barnette alleges that she was discriminated against because her landlords wanted to give her apartment to a handicapped tenant, her lack of disability does not give rise to the protection of the FHAA.  Finally, Barnette seems to assert that she was discriminated against because there was domestic violence in her home that disturbed her neighbors.  Presuming that she is alleging that

---

[2]Under the FHA, "familial status" is defined as "one or more individuals (who have not attained the age of 18 years) being domiciled with (1) a parent or another person having legal custody of such individual or individuals; or (2) the designee of such parent or other person having such custody, with the written permission of such parent or other person. . . ."  42 U.S.C. § 3602(k).

5

either she, or her children, were the victims of the domestic violence to which she refers, being the victim of domestic violence is not a protected status under the FHA or the FHAA. Because Barnette has failed to state any basis for invoking the protection of the FHA or the FHAA, I recommend that this action be dismissed.[3]

## Conclusion

Any objections to this report and recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauth. Practice

---

[3] I note that the civil cover sheet filed with Barnette's complaint, in the section asking the plaintiff to state a "[b]rief description of cause" refers to familial and racial discrimination. No facts appear in the complaint, however, that describe or discuss Barnette's familial status or race, or discrimination resulting therefrom. Assertions appearing only on the civil cover sheet are not part of the complaint. See LR 3.1 ("Matters appearing only on the civil cover sheet shall have no legal effect in that action.").

of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

```
                            _____
                            James R. Muirhead
                            United States Magistrate Judge
```

Date:    December 22, 2009

cc:      Cheryl Barnette, pro se

JM:jba